IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE WILLIAMS,

    Plaintiff,                              No. CIV S-10-1697 GGH P

    vs.

CHIEF MEDICAL OFFICER BAL,

    Defendant.                          ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff states that on June 27, 2010, he did not receive medication for his gender dysphoria disorder and HIV. Plaintiff sent his complaint to the court two days later on June 29, 2010, and admits that he did not exhaust his administrative remedies.

        The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and

1

whether they allege excessive force or some other wrong.  <u>Porter</u>, 534 U.S. at 532.

        Plaintiff shall show cause within 14 days why this case should not be dismissed for failure to exhaust.

        In accordance with the above, IT IS HEREBY ORDERED that plaintiff show cause within 14 days of service of this order why this case should not be dismissed for failure to exhaust administrative remedies.

DATED: November 10, 2010

        /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:ab
will1697.osc